O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MARY BETH PICARD,<br><br>    Plaintiff,<br><br>    v.<br><br>JOANNE BARNHART,<br><br>Commissioner, Social Security Administration,<br><br>    Defendant. | Case No. SACV 99-000476 (AN)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

Before the Court is a post-judgment motion for fees ("Motion") brought by John H. Kays, Claimant's counsel of record in this matter. For the reasons discussed below, the Motion is denied without prejudice.

## I. DISCUSSION

By way of his Motion, Kays seeks an order for attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $10,435.00, less the $4,700.00 of EAJA fees previously paid, for a net fee amount of $5,735.00. Kays' declaration and attached exhibits reflect that total fees requested consist of 41.5 hours of time for services that he rendered to Claimant in proceedings before this Court. The Commissioner filed a response which

takes no position as to the reasonableness of the requested fee.

This Court has jurisdiction to award attorney fees up to 25 percent withheld from the past due benefits for work before this Court under 42 U.S.C. § 406(b). *Straw v. Bowen*, 866 F.2d 1167 (9th Cir. 1989). The Court's determination of the appropriate amount of § 406(b) fees to award is governed by the Supreme Court's recent decision in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002). In *Gisbrecht*, the Supreme Court resolved a division among the Circuits on the appropriate method of calculating fees under § 406(b). Rejecting the "lodestar method" which several of the Circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

535 U.S. at 807, 122 S.Ct. at 1828. The foregoing portion of *Gisbrecht* makes it clear that the starting point in calculating the reasonableness of the requested §406(b) fees is still the contingency fee agreement between the lawyer and client.

Kays has attached a copy of a fee agreement to the Motion as an exhibit. The attached fee agreement does show that it is between himself and the Claimant, and that Claimant signed it. However, by its express terms, the attached fee agreement between Kays and the claimant only authorizes Kays "to represent [Claimant] *before the Social Security Administration* . . . ." [Motion, Exhibit Tab A (Standard Fee Agreement, ¶1) (emphasis added).] The agreement does not expressly or impliedly authorize Kays to represent Claimant *before* the federal courts or charge her a contingency fee in the

amount of 25% for such work. In order to determine the reasonableness of the requested §406(b) fees for work performed before the federal courts, Kays must provide the Court with a copy of a fee agreement showing the Claimant agreed to pay him such fees. Further, to the extent Kays seeks fees for work performed before the Social Security Administration pursuant to the attached fee agreement, he must apply to the Social Security Administration for an award of fees for representation at the administrative level. 42 U.S.C. § 406(b)(1); 20 C.F.R. §§404.1725, 404.1728; *Stenswick v. Bowen*, 815 F.2d 519 (9th Cir. 1987). "The court has no authority to award an attorney's fee for representation of a claimant before the [Commissioner], that power being granted by 42 U.S.C. § 406(a) to the [Commissioner] alone." *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975) (internal footnote and citations omitted); *see also Stenswick*, 815 F.2d at 521.

Another problem with the Motion is that it is not supported by: (1) an itemized statement that describes the services that Kays rendered for work performed before this Court, and the amount of the time it took Kays to perform each related service; and (2) a statement of the lawyer's normal hourly billing charge in non-contingency fee cases or other cases. Instead, Kays simply states that he "expended 41.5 hours of attorney time at the district court level." [Motion, Kays Declaration, ¶6.] By failing to provide an itemized billing recap and any information that can be used to determine his normal hourly billing rate, the Court is unable to determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht*, *id*.

Accordingly, Kays' request for $5,735.00 in fees for work performed before the federal courts in this matter is denied without prejudice.

Dated: February 8, 2006         /s/ Arthur Nakazato
                                                ARTHUR NAKAZATO
                                       UNITED STATES MAGISTRATE JUDGE